KILPATRICK *v.* TWIN STATES REALTY CO., INC.

(Division A. Nov. 16, 1942.)

[10 So. (2d) 447. No. 35094.]

Gardner, Backstrom & Gardner, and **J. F. Galloway**, all of Gulfport, for appellant.

J. L. Taylor and Mize, Thompson & Mize, all of Gulf-port, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from an interlocutory decree overruling a demurrer to a bill of complaint. The allegations of the bill in substances are: The complainant, Twin States Realty Company, Inc., owned a tract of land in the City of Pass Christian, fronting on the beach, which it subdivided into eighty-five tracts or lots, and had a plat thereof recorded in the office of the clerk of the Chancery Court of Harrison County designating the entire tract as "Beach-Hurst," which said subdivision was approved by the governing authorities of the City of Pass Christian. The plat itself placed no restrictions on the use by purchasers of the lots into which the tract was divided, but restrictions which will hereafter be set forth were made in the deeds to purchasers thereof and were made covenants running with the land.

The complainant's purpose in platting and selling the land was "to establish a high class residential district, except only that on tract number 44 where there was a very large building, it was permitted to be used for a hotel or apartment building." Four lots of this subdivision were conveyed by the complainant to James F. Turnbull containing the restrictive covenants hereinbefore mentioned and will be set out by the Reporter in

full.[1] Sixty or more of these lots have been sold by the

[1]The above described land is hereby conveyed and purchased upon the following express conditions, limitations and reservations, the observance of and compliance with which constitute a part of the consideration for this transfer on the part of the vendor and which the said purchaser now binds and obligates himself to comply with and fulfill for himself, his heirs, and assigns forever, to-wit:

1. No structure shall ever be erected on said tracts or sites Nos. 23, 24, 25, and 26 in Beach Hurst Addition to the City of Pass Christian, except a bona fide residence and necessary outbuildings for occupancy by one family, guests and servants, at a cost of not less than Seventy-five Hundred Dollars ($7500.00); no duplex, apartment house or similar building shall be constructed thereon.

2. The style of architecture shall be Spanish or Moorish, and no building shall be commenced until the plans and specifications therefor shall first have been submitted to, and approved by, the architect or other expert designated by the company, so long as the company owns sites or tracts in Beach Hurst Addition to the City of Pass Christian.

3. Only one residence shall be located on said tracts or sites at any time, and said residence shall be set back a distance of twenty (20) feet from the front property line of Japonica and Camelia Drives, and the space between said building and the front line of the sites or tracts shall be used for the purpose of a lawn or garden, and the planting of trees and shrubbery; provided, however, that steps leading from said residence may encroach on said twenty (20) feet reserve.

4. These tracts or sites are platted and dedicated solely for residence purposes (with the exception of site or tract #44) (which may be used for hotel, apartment or residence purposes), and the said tracts or sites shall never be used for commercial purposes of any character whatever, or in a manner to create a nuisance.

5. This property shall never be sold, leased, transferred, donated, willed or assigned to a negro or negroes, nor persons of African descent; nor ever be used or occupied by such persons except when in the employ of the bona fide owner or resident. This restriction bears on all sites or tracts sold in Beach Hurst Addition to the City of Pass Christian and is established to create a uniformity in use and ownership so as to avoid conflict.

6. Each and every one of the conditions and restrictions above recited shall follow the title to and ownership of the land hereby conveyed, and shall also be recited and contained in every subsequent transfer, and upon any violation of any one of said conditions, reservations or restrictions, the title to the land owned by the person or persons so violating said restrictions, reservations or conditions shall thereupon revert to the undersigned vendor, its successors or assigns.

complainant, but it still owns about twenty-five of them. Each deed thereto contains the conditions and limitations appearing in the Turnbull deed with the exception of one deed in which the provisions that the buildings erected on the lot should not cost less than $7,500, and the reverter clause in the sixth condition were omitted. The appellant, defendant in the court below, now owns through mesne conveyances the lots conveyed by the complainant to James F. Turnbull, and has violated and is continuing to violate, over the appellee's protest, the provision in the Turnbull deed prohibiting the use of the property for commercial purposes in ''that she is operating a store'' thereon.

The prayer of the bill is ''that a decree be entered enjoining the defendant from violating the restrictions of her deed or in the alternative divesting her of her title to said Lots 23, 24, 25 and 26, of Beach-Hurst Subdivision, as provided in the deed,'' followed by a prayer for general relief.

The appellant's contentions are: (1) that the restriction in the deed from the appellee to Turnbull against its use for commercial purposes is void for the reason that it is (a) repugnant to the grant, (b) unreasonable, (c) is a restraint on alienation, and (d) violates the rule against perpetuities; and (2) the appellee is estopped from enforcing it because of the conveyance by it of one of these lots without the limitation on the cost of buildings to be erected thereon and the reverter clause contained in the Turnbull deed.

This restriction on the use of this property would probably not be repugnant to the grant even if it had been simply inserted in the deed by the grantor, 1 Tiffany, Real Property, 2nd Ed., 288; but such is not the case. It arises out of an express covenant made by the grantee with the grantor, which covenant the grantee had the right to make and agree to its running with the land. That covenants restricting the use of land of this char-

acter are reasonable, violate no public policy, though of indefinite duration, will appear from 14 Am. Jur., Covenants, sec. 206 et seq.; 26 C. J. S., Deeds, p. 508, sec. 162, et seq.; and that they do not restrain alienation or violate the rule of perpetuities will appear from 14 Am. Jur. 17, Covenants, etc., sec. 206.

The reverter clause in the deeds was for the benefit of the grantor and its assigns and could be waived by it as to one or all of its grantees without affecting its or any other person's right to enforce these restrictive covenants by other methods. The restriction on the cost of buildings to be erected on these lots is only one of several separate and distinct restrictions in the deeds that are material and beneficial to the owners of the lots embraced in this general scheme for a desirable residential district, and therefore its waiver by the grantor (which still owns some of the lots) in one of the deeds executed by it does not affect its or any other person's right to enforce the remaining restrictions on the use of the lots. 26 C. J. S., Deeds, sec. 169, p. 566.

Affirmed and remanded.